IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Case No. 13- 3753

in re David Stebbins ) on Petition for Writ of Mandamus
)
)

## PETITION FOR WRIT OF MANDAMUS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following petition for writ of mandamus.

### Relief Sought

Petitioner seeks the Court to compel the United States District Court for the Western District of Arkansas to pass judgment on Documents #110 and #112 in Case No. 12-3022 in their court.

### Issues Presented

When the case is in the advanced stages of litigation, and the motions are time-sensitive, is two months a long enough time to assume procrastination?

### Facts

In Case No. 12-3022 in the U.S. District Court for the Western District of Arkansas, Petitioner is suing Boone County, Arkansas and now-former Sheriff Danny Hickman, for a variety of things, including but not limited to (A) allowing jail guard Jason Jones to harass, bully, and threaten Petitioner out of revenge for Petitioner having sued his small business[1], and (B) initiating criminal charges against Petitioner in the first place solely in an attempt to coerce

---

1 Case No. 10-3041 in the same District Court.

Petitioner into ceasing and desisting his lawsuit-filing, which is his First Amendment right (and even if it was abusive, it should not have been their decision to make).

The case is currently in the advanced staged, with the date for an evidence hearing rapidly approaching. This means that Petitioner needs to collect all the evidence he can, and he must do so fast, since the window for opportunity for Petitioner to do so is rapidly closing.

On October 30, 2013, Petitioner filed a motion to compel discovery. On November 4, 2013, Petitioner filed a motion for subpoenas *duces tecum* and for admonishments to uncooperative witnesses. So far, despite the motions being a month and a half old, no rulings have been issued on them.

### Reasons for Issuing the Writ

At first glance, it may appear as if Petitioner is not waiting long enough for a writ of mandamus becomes appropriate, but a closer inspection reveals that there are unique circumstances that justify Petitioner being as impatient as he is right now.

As established above, these motions are time sensitive. If they are not granted quickly, Petitioner may forever lose his chance to act on them, due to the rapidly approaching deadline. Petitioner also filed a Petition for Subpoenas, but that is not as time sensitive as these two motions are, since they are supposed to be for the evidence hearing and, subsequently, the trial.

The time sensitivity issue is especially true when it comes to the Petition for Subpoenas *Duces Tecum*, to the extent that it seeks the production of some email conversations between David D. Stebbins and Dale Beavers. Petitioner anticipates that David D. Stebbins will attempt to provide incomplete emails, directly in an attempt to subvert Petitioner's discovery and make it harder for Petitioner to prove that he participated in this conspiracy.

Petitioner has attempted to obtain this discovery from David D. Stebbins in the past, in a

state court proceeding where he is suing that man for the state law tort of malicious prosecution. However, he maliciously lied and stated that there were "none [conversations] about [Petitioner] or about the case between [Petitioner] and [himself]."

Petitioner can prove that this statement is a lie. He is not simply acting on gut instinct; he has *real proof* that there were indeed some conversations between those two that were about him. Petitioner has filed a motion to compel discovery in the state court proceedings, but for reasons that Petitioner declines to go into right now, that motion has yet to receive a ruling on the merits. Petitioner filed the motion for subpoena *duces tecum* in the federal case because time is running out, and the man's stalling is prejudicing Petitioner.

However, if Petitioner is to USE his proof to support a motion for contempt in the federal case, he has to do so quickly, due to the rapidly approaching deadline for the case. This means that the Court's issuance of the subpoena *duces tecum* has to be even swifter, in order to give Petitioner enough time to move for contempt, should David D. Stebbins provide incomplete disclosure.

Because of the time-sensitive nature of these motions, Petitioner has no choice but to seek mandamus relief in order to force a ruling on them immediately.

## Conclusion

Wherefore, premises considered, Petitioner respectfully requests that this Court order Magistrate Judge Marchewski to pass judgment on Documents #110 and #112 in Case No. 12-3022 in his Court. So requested this 16th day of December, 2013.

*David S. Stebbins*
David Stebbins
123 W. Ridge St., APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com